# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-3143

SHICHIN CHANG,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from the Board of Immigration Appeals
Immigration Judge Mirlande Tadal, No. A097-441-216

Before: RESTREPO, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Jun. 12, 2026; Decided July 29, 2026

_____

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*.  Petitioner Shichin Chang seeks review of the BIA's order denying her second motion to reopen.  The BIA correctly determined that the statutory motion to reopen was barred, and Petitioner failed to exhaust her equitable tolling argument.  We lack jurisdiction to review the BIA's denial of so-called "*sua sponte*" reopening.  Accordingly, we will deny the Petition For Review as to statutory reopening and dismiss the Petition as to *sua sponte* reopening.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.  Petitioner has faced a final order of removal for more than two decades.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

On November 3, 2023, Petitioner moved to reopen her immigration proceedings based on a 2021 marriage. The BIA denied the motion as time-barred. On November 25, 2024, Petitioner filed a second motion to reopen based on lawful permanent resident status that she obtained in August 2024. The BIA construed the motion as seeking statutory and *sua sponte* reopening and denied both forms of relief.

## II.

The BIA had jurisdiction under 8 C.F.R. § 1003.2. *Darby v. AG*, 1 F.4th 151, 159 (3d Cir. 2021).[1] The Supreme Court has interpreted 8 U.S.C. § 1252(a) to provide us with jurisdiction to review denials of statutory motions to reopen. *See Mata v. Lynch*, 576 U.S. 143, 147-48 (2015). We apply a deferential abuse of discretion standard. *Darby*, 1 F.4th at 159. We generally lack jurisdiction to review *sua sponte* reopening motions. *Id.*

## III.

The BIA did not abuse its discretion in denying Petitioner's statutory motion to reopen, which was plainly time- and number-barred. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Petitioner argues that the Board should have applied equitable tolling to grant her the requested relief. We have never held that equitable tolling applies to the number bar. *See Luntungan v. AG*, 449 F.3d 551, 557 (3d Cir. 2006). We need not address equitable tolling, however, because Petitioner failed to request it from the BIA. The government has invoked the exhaustion requirement. *See* 8 U.S.C. § 1252(d)(1). We "must enforce the rule." *Aguilar v. AG*, 107 F.4th 164, 169 (3d Cir. 2024).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

We lack jurisdiction to review the BIA's discretionary decision regarding *sua sponte* reopening. "If a party's *request* to reopen a case *sua sponte* sounds like a misnomer, that's because it is." *Herrera v. Bondi*, 162 F.4th 617, 622 (6th Cir. 2025). *Sua sponte* reopening is committed to "the discretion of the Board." 8 C.F.R. § 1003.2(a). Our precedent recognizes a "limited" exception that permits a remand—not reversal—where "the BIA has relied on an incorrect legal premise." *Pllumi v. AG*, 642 F.3d 155, 160 (3d Cir. 2011). That did not happen here.

Petitioner tries to invoke the exception by arguing that the BIA failed to address her termination arguments and adjusted status. Neither issue reflects an incorrect legal premise. Without any reopened proceedings, there was nothing to terminate. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[A]gencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And even in an "exceptional situation," "the BIA may still decide against reopening." *Sang Goo Park v. AG*, 846 F.3d 645, 650 (3d Cir. 2017). Accordingly, we will deny the Petition as to statutory reopening and dismiss the Petition as to *sua sponte* reopening.